Citation Nr: 1710372 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 10-48 030 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for a chronic gastrointestinal disorder to include gastroesophageal reflux disease, to include as secondary to posttraumatic stress disorder with depression.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Mary E. Rude, Associate Counsel



INTRODUCTION

The Veteran served on active duty from September 1969 to March 1972 and March 1975 to June 1987. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision by the Department of Veterans Affairs (VA) Regional Office in Cleveland, Ohio (RO). The claims file is now entirely in VA's secure electronic processing systems, Virtual VA and the Veterans Benefits Management System (VBMS).

The issue of entitlement to service connection for a left great toe disability has been raised by the record and was referred in the Board's July 2016 remand, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016).


FINDING OF FACT

A chronic gastrointestinal disorder to include gastroesophageal reflux disease was not demonstrated while on active duty, and the preponderance of the competent, probative evidence is against finding a relationship between such a disorder and the Veteran's active duty service or his service-connected posttraumatic stress disorder with depression.


CONCLUSION OF LAW

A chronic gastrointestinal disorder to include gastroesophageal reflux disease was not incurred in or aggravated by service, and such a disorder was not caused or permanently aggravated by posttraumatic stress disorder with depression. 38 U.S.C.A. §§ 1110, 1131, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310 (2016).

REASONS AND BASES FOR FINDING AND CONCLUSION

With respect to the Veteran's claim, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The Veteran contends that he has gastroesophageal reflux disease which had its onset during his active duty service or was directly caused by his service-connected PTSD with depression.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). To establish entitlement to service-connected compensation benefits, a veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010).

Service connection may also be granted for a disability that is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). This permits service connection not only for a disability caused by a service-connected disability, but for the degree of disability resulting from aggravation of a disability by a service-connected disability. See Allen v. Brown, 7 Vet. App. 439, 448 (1995). In the case of aggravation by a service-connected disability, a veteran may be compensated for the degree of disability over and above the degree of disability existing prior to the aggravation. Id; see 38 C.F.R. § 3.310(b).

The Veteran clearly has a current diagnosis of gastroesophageal reflux disease. The Veteran's VA treatment records show that in June 2008, he reported having a burning sensation in his throat and feeling like he might throw up. He reported that in 1970, "they had to scrape out my esophagus." The Veteran reported that this was an ongoing problem "for some time," but that it had recently become worse. He was diagnosed with dyspepsia, gastroesophageal reflux disease, and heartburn. Since then, the Veteran has been prescribed medication for dyspepsia and gastroesophageal reflux disease, and in January 2009, he reported that the medicine seemed to be helping. In January 2011, he reported increasing reflux symptoms.

The evidence of record, however, preponderates against finding that the appellant had a chronic gastrointestinal disorder inservice, to include gastroesophageal reflux disease; that his current diagnosis had its onset during service or is related to service in any way; or that such a disorder was caused or aggravated by posttraumatic stress disorder with depression.

The Veteran's service treatment records do not show any complaints or treatment of gastroesophageal reflux disease. In January 1975 and May 1983 Reports of Medical History, the Veteran specifically denied ever having a history of frequent indigestion, stomach or intestinal trouble. His accompanying physical examinations found the mouth and throat to be normal. In March 1984, the Veteran was treated for a sore throat and right-sided throat pain. He was diagnosed with a mild viral syndrome. In March 1986, the Veteran reported pain in his chest for the prior three days. He was found to probably have costochondritis.

The Veteran attended a VA examination in December 2015. The examining nurse practitioner reviewed the Veteran's records and performed an in-person examination of the Veteran. The Veteran reported having issues with esophageal reflux since at least 1987 and having symptoms primarily after meals and at bedtime, at least two to three times a week. The examiner noted that the service treatment records were silent regarding any diagnosis or symptoms related to gastroesophageal reflux disease but acknowledged the Veteran's report that he had a gastrointestinal endoscopy in 1970 and had "something scraped from the esophagus." 

The December 2015 examiner diagnosed the Veteran with gastroesophageal reflux disease, but found that it was less likely than not proximately due to or the result of posttraumatic stress disorder, since gastroesophageal reflux disease had been diagnosed years prior to the diagnosis of posttraumatic stress disorder and the Veteran himself asserted esophageal issues extending back to 1970. She also wrote that there was no evidence of record which supported a finding that the Veteran's posttraumatic stress disorder had aggravated the gastroesophageal reflux disease beyond its natural progression.

An August 2016 addendum medical opinion was also obtained from the same examiner. She reviewed the claims file and stated that gastroesophageal reflux disease was less likely than not incurred in or caused by service. As rationale, she explained that there was no objective evidence of a diagnosis of gastroesophageal reflux disease prior to 2008 and no evidence regarding the indication for or findings of the reported 1970 endoscopy. She noted that there was a lapse of nearly 20 years between the end of the Veteran's service in 1987 and the diagnosis of gastroesophageal reflux disease in 2008, and no objective evidence showing a nexus between them. The examiner stated that a diagnosis of gastroesophageal reflux disease would not have required having something scraped from the esophagus during an endoscopy. She summarized her findings by stating that because the service treatment records and subsequent 20 years were silent for a diagnosis or symptoms of gastroesophageal reflux disease, it would be purely speculative to attribute the gastroesophageal reflux disease diagnosed in 2008 to the earlier military service.

The Board has reviewed all of the evidence of record, and finds that it preponderates against finding that any chronic gastrointestinal disorder, to include gastroesophageal reflux disease was incurred in or related to service or that any such disorder was caused or permanently aggravated by his service-connected posttraumatic stress disorder with depression.

The only medical opinions from a qualified medical professional of record are the December 2015 VA examination report and the August 2016 addendum. The Board finds these opinions to be highly probative evidence, as they were written after the competent examiner reviewed the Veteran's complete medical records and claims file and performed an in-person examination. The examiner provided adequate rationale, explaining that the Veteran's records did not show any evidence of a pertinent diagnosis or treatment from 1987 until his initial diagnosis of gastroesophageal reflux disease in 2008. The examiner opined that a diagnosis of such a disease would not have involved "scraping" the esophagus, which the Veteran alleged could have been an indication of the onset of this disorder. She noted the Veteran's assertion that he had an endoscopy in 1970, but found no evidence regarding the reason for this endoscopy, as this, on its own, would not be sufficient to establish the present of any gastroesophageal reflux disease symptoms during the Veteran's service. The examiner also found that the Veteran's gastroesophageal reflux disease was not secondary to posttraumatic stress disorder, explaining that gastroesophageal reflux disease had been diagnosed years prior to posttraumatic stress disorder, indicating that posttraumatic stress disorder could not be the cause of gastroesophageal reflux disease, and that there was no evidence suggesting that gastroesophageal reflux disease had been aggravated beyond its natural progression. Hence, the examiner found no evidence of aggravation due to posttraumatic stress disorder with depression. These medical opinions provide sufficient rationale and the findings which accurately reflect the medical evidence of record. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (noting that most of the probative value of a medical opinion comes from its reasoning); see also Prejean v. West, 13 Vet. App. 444, 448-9 (2000) (noting that factors for assessing the probative value of a medical opinion are the physician's access to the claims file and the thoroughness and detail of the opinion). 

The Board acknowledges the Veteran's lay statements that he had gastroesophageal reflux disease symptoms in service, but these statements are not supported by the evidence of record. The Veteran's service treatment records do not show any complaints or treatment related to a chronic gastrointestinal disorder to include gastroesophageal reflux disease, and while it is possible that he underwent an endoscopy in 1970, this does not establish that he also had a diagnosis of gastroesophageal reflux disease. The Veteran also denied any indigestion or stomach trouble at his January 1975 and May 1983 service examinations, and physical examinations found the mouth and throat to be normal, further supporting the VA examiner's assertion that the 1970 endoscopy was not related to diagnosis or treatment of gastroesophageal reflux disease. The 1984 and 1986 treatments for throat and chest pain were found to have other etiologies. 

While the Veteran has also asserted that he had gastroesophageal reflux disease symptoms in 1987, at the end of his service, there is no medical evidence linking such symptoms to his current diagnosis of gastroesophageal reflux disease. The Veteran has not indicated that he received any medical treatment for gastroesophageal reflux disease until 2008, which is a 20 year gap between his symptoms in 1987 and his diagnosis with gastroesophageal reflux disease. Maxson v. West, 12 Vet. App. 453, 459 (1999) (The passage of many years between discharge from active service and the medical documentation of a claim disability is a factor that weighs against a claim for service connection.)

Gastroesophageal reflux disease is not a "chronic" disorder which would allow for service connection to be granted for a condition noted during service and subsequent manifestations of that disorder without a medical nexus. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). The Board therefore requires evidence of a medical nexus between anything the Veteran experienced in service and his current disorder. 

While the Veteran may sincerely believe that his gastroesophageal reflux disease is related to either his service or to his service-connected posttraumatic stress disorder, his testimony on the etiology of his condition or its diagnosis is less probative than the findings of the VA examiner. Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Layno v. Brown, 6 Vet. App. 465, 470 (1994). In this case, the diagnosis of gastroesophageal reflux disease and its etiology involve complex medical questions which extend beyond an immediately observable cause-and-effect relationship that is of the type that the courts have found to be within the competence of lay witnesses.

The evidence therefore preponderates against entitlement to service connection for a chronic gastrointestinal disorder to include gastroesophageal reflux disease. The Board finds no evidence indicating that such a disorder was incurred in service, and the most probative medical evidence of record indicates that the Veteran's current gastroesophageal reflux disease is not related to service and was not caused or permanently aggravated by posttraumatic stress disorder with depression. The preponderance of the probative and competent evidence therefore weighs against the claim, and it must be denied. In reaching this determination, the Board has considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the appellant's claim, the doctrine is not for application. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for a chronic gastrointestinal disorder to include gastroesophageal reflux disease is denied.



____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs